UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONALD MARCELLA**             **CIVIL ACTION**

**VERSUS**                      **No. 10-2323**

**OCHSNER HEALTH SYSTEM**       **SECTION I**

### ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Ronald Marcella.[1] Defendant, Ochsner Health System ("Ochsner"), opposes[2] the motion. For the following reasons, plaintiff's motion to remand is **DENIED**.

### *BACKGROUND*

Plaintiff alleges that he was employed by Ochsner as a Bio-Med Technician and that his employment was terminated as a result of Ochsner's bio-medical services being outsourced to General Electric.[3] After his termination, plaintiff appeared, twice in person, at Ochsner's human resources department to request severance benefits[4] When Ochsner refused to provide plaintiff with the benefits, counsel for plaintiff mailed Ochsner a formal demand for severance benefits.[5] On July 9, 2010, plaintiff filed a petition in Louisiana state court for payment of wages due and breach of contract.[6] Plaintiff asserts that under the Ochsner Health and Welfare Benefit Plan ("the Plan"), he was entitled to $5,757.60 in severance benefits.[7]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 10.
[3] R. Doc. No. 1-1, p.1.
[4] *Id.* at pp. 2-3.
[5] *Id.* at p.6.
[6] R. Doc. No. 1-1.
[7] R. Doc. No. 1-1, p.2.

Ochsner removed the action to this Court on August 2, 2010, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.[8]  Defendant argues that plaintiff's claims arise under federal law because such claims are pre-empted by the federal Employee Retirement Income Security Act ("ERISA").[9]  On August 30, 2010, plaintiff filed a motion to remand.

*STANDARD OF LAW*

**I. Motion to Remand**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  The removal statute is strictly construed. Sea Robin Pipeline Co. v. New Medico Head Clinic Facility, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D.La. Aug. 14, 1995) (Clement, J.) (quoting York v. Horizon Fed. Sav. & Loan Ass'n, 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996). Doubts concerning removal are to be construed against removal and in favor of remand to state court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

**II. Federal Question Jurisdiction and ERISA Pre-emption**

United States District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Ordinarily, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded'

---

[8] R. Doc. No. 1, p.3.
[9] 29 U.S.C. § 1001 *et seq.*

allegations of the complaint and ignore potential defenses." Arana v. Ochsner Health Plan, 338 F.3d 433, 437 (5th Cir. 2003). However, a federal statute "may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character" and it is, therefore, removable. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Arana, 338 F.3d at 437. It is well settled that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a)[10] [of ERISA] removable to federal court." Metro. Life, 481 U.S. at 66; see McGowin v. Man Power Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004).

Pre-emption in the context of ERISA may be of two types: complete pre-emption or conflict (ordinary) pre-emption. Copling v. Container Store, Inc., 174 F.3d 590, 594-95 (5th Cir. 1999). Complete pre-emption pursuant to ERISA § 502(a) provides removal jurisdiction, while ordinary or conflict pre-emption pursuant to ERISA § 514[11] does not. Roark v. Humana, Inc., 307 F.3d 298, 305 (5th Cir. 2002).

---

[10] ERISA § 502(a) provides that a participant or beneficiary of an employee benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); see Halliburton Co. Benefits Comm. v. Graves, 463 F.3d 360, 375-76 (5th Cir. 2006).

[11] ERISA § 514 provides, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described" in ERISA. 29 U.S.C. § 1114. The United States Court of Appeals for the Fifth Circuit discussed conflict pre-emption pursuant to ERISA § 514:

> State law claims [that] fall outside the scope of ERISA's civil enforcement provision, § 502, even if preempted by § 514(a), are still governed by the well pleaded complaint rule and, therefore, are not removable under the complete preemption principles established in Metropolitan Life.
>
> The presence of conflict-preemption does not establish federal question jurisdiction. Rather than transmogrifying a state cause of action into a federal one—as occurs with complete preemption—conflict preemption serves as a *defense* to state action.
>
> When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption.

Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999) (citations, quotations, and footnotes omitted).

If a federal statute completely pre-empts an asserted cause of action, it is removable "because 'when the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" Aetna Health Inc. v. Davila, 524 U.S. 200, 207-08 (2004) (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)); see McClelland v. Gronwaldt, 155 F.3d 507, 512 (5th Cir. 1998). ERISA § 502(a) is a federal statute that has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." Metro. Life, 481 U.S. at 65.

A plaintiff may not avoid federal jurisdiction by artfully pleading a completely pre-empted cause of action in terms of state law; the artful pleading doctrine allows removal even if the plaintiff omits pleading necessary federal questions. See Rivet v. Regions Bank of La., 522 U.S. 470, 475-76 (1998). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Davila, 542 U.S. at 209; see La. Health Servs. & Indem. Co v. Rapides Healthcare Sys., 461 F.3d 529, 534 (5th Cir. 2006). However, an analysis of ERISA pre-emption "must be guided by respect for the separate spheres of governmental authority preserved in our federalist system." Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 522 (1981).

State law causes of action are completely pre-empted by ERISA § 502(a)(1)(B) and federal question jurisdiction is established when both: (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA

or the plan terms that is implicated by the defendant's actions. Davila, 542 U.S. at 209-10. Conversely, "lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," are not pre-empted. Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833 (1988).

## *DISCUSSION*

### I.      Claims Brought Under ERISA

ERISA's civil enforcement scheme "establishes that a civil action may be brought by a participant or beneficiary: '[T]o recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]'" Lone Star OB/GYN Assoc. v. Aetna Health Inc., 579 F.3d 525, 529 (5th Cir. 2009) (quoting 29 U.S.C. § 1132(a)(1)(B)).  A participant is defined as "any employee or former employee of an employer…who is or may become eligible to receive a benefit of any type from an employee benefit plan." ERISA § 3(7), 29 U.S.C. § 1002(7).  "[I]f a party's state law claims fall under this § 502(a)(1)(B) definition, they are preempted by ERISA." Lone Star OB/GYN Assoc., 579 F.3d at 529.

Plaintiff's petition alleges that Ochsner wrongfully denied payments of severance benefits allegedly owed plaintiff under the Plan.[12]  Since plaintiff is a participant in the Plan[13] and is seeking severance benefits pursuant to the terms of the Plan, plaintiff's claim could have been brought under § 502(a)(1)(B). See Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S.Ct. 2488, 2496 (2004) ("If a participant or beneficiary believes that benefits promised to him

---

[12] R. Doc. No. 1-1, p.6. ("According to Ochsner Human Resources Policy Section Employee Relations, Policy #500.7, Title: Staff Reduction/Severance Pay, Mr. Marcella is a separated employee and entitled to severance benefits according to [the Plan].").

[13] Presumably, plaintiff does not contest that he is a participant under the Plan as he seeks severance benefits pursuant to the Plan.  Plaintiff also has not contested that the Plan is subject to ERISA as shown on the first page of the Plan. R. Doc. No. 9-2, p.7.

under the terms of the plan are not provided, he can bring suit seeking provision of those benefits."); Wilson v. Kimberly-Clark Corp., 254 Fed.App'x 280, 286 (5th Cir. 2007) ("Wrongful denial of benefits is a cause of action under ERISA § 502(a)(1)(B).").

## II.     Independent Legal Duty

The Court will next examine whether defendants had a legal duty independent of ERISA to pay these benefits. Plaintiff claims that he is entitled to severance benefits based on the terms of the Plan. Where a defendant's duty is derived entirely from the particular rights and obligations established by its benefit plans, such obligation is not an "independent legal duty" sufficient to evade ERISA pre-emption. See Davila, 542 U.S. at 213-14 ("Thus, interpretation of the terms of respondents' benefit plans forms an essential part of their [state law] claim, and [state law] liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans. Petitioners' potential liability under the [state law] in these cases, then, derives entirely from the particular rights and obligations established by the benefit plans."). Whether plaintiff is able to prevail on his claims for payment of wages due and breach of contract necessarily requires interpretation of the Plan's provisions.[14] Therefore, the Court finds that plaintiff's claims do not implicate a legal duty independent of the Plan. See McGowin, 363 F.3d at 559 (When plaintiff seeks a determination of eligibility for benefits under an ERISA-governed plan, such claim is completely pre-empted by ERISA and is removable to federal court even if characterized as arising under state law.). Accordingly, plaintiff's claims are completely pre-empted by ERISA and arise under federal law.

---

[14] Plaintiff cites *Rozzell v. Security Svcs. Inc.*, 38 F.3d 819 (5th Cir. 1994) in support of his motion for remand. *Rozzell* is distinguishable as removal on the basis of ERISA preemption was improper in that case because the substance of plaintiff's cause of action, retaliatory termination in violation of state law, did not relate to an employee benefit plan. *Id.* at 822-23. Here, the Plan is the basis for the plaintiff's cause of action.

*CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that plaintiff's motion[15] for remand is **DENIED**.

New Orleans, Louisiana, October 12, 2010.

```
                    _____
                         LANCE M. AFRICK
                    UNITED STATES DISTRICT JUDGE
```

---

[15] R. Doc. No. 8.