UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONALD MARCELLA**                                                      **CIVIL ACTION**

**VERSUS**                                                                          **No. 10-2323**

**OCHSNER HEALTH SYSTEM**                                          **SECTION I**

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, Ochsner Clinic Foundation ("Ochsner").[1] Plaintiff, Ronald Marcella, opposes[2] the motion. For the following reasons, defendant's motion for summary judgment is **GRANTED**.

### *BACKGROUND*

Plaintiff alleges that he was employed by Ochsner as a Bio-Med Technician and that his employment was terminated as a result of Ochsner's bio-medical services being outsourced to General Electric.[3] After his termination, plaintiff appeared at Ochsner's human resources department twice in person to request severance benefits as enumerated in Ochsner's "Human Resources Policy."[4] When Ochsner refused to provide plaintiff with the benefits, counsel for plaintiff mailed Ochsner a formal demand for severance benefits.[5] On July 9, 2010, plaintiff

---

[1] R. Doc No. 9. Ochsner originally filed this motion as a motion to dismiss pursuant to Rule 12(b)(6) or, in the alternative, motion to stay based on plaintiff's failure to exhaust administrative remedies. The Court determined that the motion to dismiss must be treated as a motion for summary judgment under Rule 56. See R. Doc No. 12.
[2] R. Doc. No. 13.
[3] R. Doc. No. 1-1, p.1.
[4] Id. at pp. 2-3.
[5] Id. at p.6.

1

filed a petition in Louisiana state court for payment of wages due and breach of contract.[6] Plaintiff asserts that under the Ochsner Health and Welfare Benefit Plan ("the Plan"), he was entitled to $5,757.60 in severance benefits.[7]

Ochsner removed the action to this Court on August 2, 2010, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.[8] On October 12, 2010, this Court denied plaintiff's motion to remand, finding that plaintiff's claims were pre-empted by ERISA.[9]

## *STANDARD OF LAW*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."

---

[6] R. Doc. No. 1-1.
[7] Id. at p.2.
[8] R. Doc. No. 1, p.3.
[9] R. Doc. No. 11.

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## *DISCUSSION*

Ochsner argues that plaintiff's claim for wages due under the Plan should be dismissed for failure to exhaust administrative remedies as required by ERISA.  "A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits." Lacy v. Fulbright & Jaworski, 405 F.3d 254 (5th Cir. 2005).  The requirement that the plan review the claim and decide whether or not to pay the benefits minimizes the number of claims filed in federal court. Hall v. Nat'l Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997).  Dismissal of a complaint is appropriate when the proper procedure has not been followed in filing a claim and administrative remedies have not been exhausted. Medina v. Anthem Life Ins. Co., 983 F.2d 29, 33 (5th Cir. 1993).

The Plan establishes the Ochsner Health and Welfare Plan Committee ("Committee") as the Plan Administrator.[10]  The Committee has "sole discretionary authority to make decisions, determinations, interpretations, and constructions with respect to administration and operation of

---

[10] See R. Doc. No. 9-2, p.24.

the plan – including determinations of fact, determinations involving benefit eligibility and benefit amount, and interpretation of plan terms."[11]

The procedures for making a claim for severance benefits under the Plan are set forth in the Plan documents. The first step in the claims process is an initial claim to the Committee.[12] The Committee reviews the claim and notifies the participant of its decision no later than 45 days after the claim is received.[13] If the participant does not agree with the Committee's initial determination, he must appeal the decision in writing not more than 180 days after receipt of the written response.[14] If the initial denial is upheld, the participant will receive written notice providing, among other items, a statement notifying the participant of his right to bring a civil lawsuit under federal law.[15]

Plaintiff did not file an initial claim with the Committee. Even if the filing of plaintiff's present lawsuit were characterized as an initial claim, plaintiff has not appealed the decision as required by the Plan. In its opposition, plaintiff has not identified any facts that create a genuine issue of material fact with regard to his failure to follow the proper procedure for processing a claim under the Plan. Therefore, the Court finds that plaintiff has not exhausted his administrative remedies. See Medina, 983 F.2d at 33; see also Lavigne v. Liberty Life Ins. United Healthcare of Louisiana, Inc., 2001 WL 40828 *2 (E.D. La. Jan. 16, 2001) (Vance, J.) (finding that plaintiff had not exhausted her administrative remedies where "plaintiff failed to file any grievance or appeal pursuant to the plan as a result of the denial of her claims.").

---

[11] Id. at p.18.
[12] See Id. at p.10.
[13] Id.
[14] Id. at p.11.
[15] Id.

*CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the defendant's motion for summary judgment is **GRANTED** and plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, October 27, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**